IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BEMCY, LLP,**<br>　　　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**GILEAD SCIENCES, INC.,**<br>　　　　　　　　**Defendant.** | CIVIL ACTION<br><br><br><br>NO.  21-3734 |

**O R D E R**

**AND NOW**, this 24th day of August, 2022, upon consideration of Plaintiff's Second Motion to Exclude the Expert Testimony of Michael Saccomanno (ECF No. 59), and Defendant's Response thereto (ECF No. 67) **IT IS HEREBY ORDERED** that said Motion is **GRANTED**.[i]

　　　　　　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Hon. Wendy Beetlestone
　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**WENDY BEETLESTONE, J.**

---

[i] Plaintiff Bemcy LLP ("Bemcy") brought a breach of contract action against Defendant Gilead Sciences, Inc. ("Gilead").  Under the agreement at issue, Gilead was to pay Bemcy $2 million to be the primary sponsor of an eight-episode educational documentary series to be produced by Bemcy.  Gilead retained Michael Saccomanno, a forensic accountant, as its damages expert.  Bemcy has moved to exclude his testimony pursuant to *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993).

Saccomanno prefaces his report with the statement that its purpose is "to prepare certain forensic procedures to determine, within a reasonable degree of accounting certainty, the economic damages suffered by Bemcy."

In doing so, he opines on the effect of Section 6 of the Agreement—the termination by convenience clause—on Bemcy's damages.  The Court has already concluded in granting Bemcy's summary judgment that the termination clause is of no consequence in this litigation.  Hence, any testimony from Saccomanno on that issue has no relevance and shall be excluded.  *United States v. Schiff,* 602 F.3d 152, 173 (3d Cir. 2010) (quotation marks, ellipses, and citation omitted) ("In assessing whether an expert's proposed testimony fits, [courts assess] whether the expert testimony . . . will aid the jury in resolving a factual dispute.").  For similar reasons (as set forth in the summary judgment opinion), Saccomanno's proposed testimony about Gilead's concerns regarding to which entity it should pay the Sponsorship Fee is no longer at issue in this matter.

Finally, Saccomanno's conclusion that Bemcy's only undisputed costs or expense was $5,499 arises, not from his expertise, but from a review and assessments of receipts—a job which the fact finder is equally able to accomplish.